IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT W. JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3064-SMY |
| | ) |
| **FACEBOOK, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert W. Johnson filed this *pro se* action against Facebook, Meta, Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith, III, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shawn Still, Vldimir Putin, Twitter, Meta, LLC, and Donald Trump. Johnson's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3) is now before the Court.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because Johnson has failed to provide a completed affidavit in support of his request to proceed IFP, the Court is unable to ascertain whether he qualifies for indigent status. Moreover, his Complaint is subject to dismissal.

Section § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District

judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Federal Rule of Civil Procedure 8(a) explains the general requirements for properly pleading claims against a defendant. *See* Fed. R. Civ. P. 8(a). The Rule requires that a plaintiff's complaint allege a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as a prayer for the relief sought. Fed. R. Civ. P. 8(a). Rule 8(d) requires that each allegation within in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While *pro se* plaintiffs' allegations are given particular lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g. Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Johnson's sole allegation in the Complaint is that "all defendants committed identity theft, fraud, U.S. Constitutional violations, RICO acts and due process violations against Johnson." As such, the Complaint falls far short of Rule 8(a)'s pleading standards. His conclusory allegations do not sufficiently provide notice of his claims, and therefore, fail to state a claim for which relief may be granted. See *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

For the foregoing reasons, Johnson's Complaint (Doc. 1) is **DISMISSED without prejudice** and his motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**. Johnson may file an amended complaint and new motion to proceed IFP within 30 days of this Order. Failure to file a legible amended complaint will result in dismissal of this action with prejudice without further notice.

**IT IS SO ORDERED.**

DATED: October 5, 2023

**STACI M. YANDLE**
**United States District Judge**